## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LABORERS' PENSION FUND and
LABORERS' WELFARE FUND OF THE
HEALTH AND WELFARE DEPARTMENT
OF THE CONSTRUCTION AND GENERAL
LABORERS' DISTRICT COUNCIL OF
CHICAGO AND VICINITY, and JAMES S.
JORGENSEN, Administrator of the Funds,

                    Plaintiffs,

    v.

READY 2 CLEAN INC., an Illinois corporation,

                    Defendant.

Case No.

```
FILED: APRIL 21, 2008
08 CV 2267    JH
JUDGE ZAGEL
MAGISTRATE JUDGE VALEZ
```

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

and James S. Jorgensen, Administrator of the Funds, (collectively "Funds") by their attorneys,

Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, and Charles

Ingrassia, for their Complaint against Defendant Ready 2 Clean Inc., state:

### COUNT I

### (Failure To Submit to an Audit)

1.    Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, James S. Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Ready 2 Clean Inc. ("Company") is an Illinois corporation.  The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement which became effective June 1, 2006.  ("Agreement").  (A copy of the "short form" Agreement entered into between the

Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7.      The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Lake County Contractors Association ("LCCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDDMC"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

3

9.    The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.    The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)    failed to submit its books and records to an audit by the Funds for the time period of June 8, 2007 forward; and;

(b)    failed to obtain and maintain a surety bond in accordance with the Agreement;

12.    The Company's actions in failing to submit its books and records to an audit and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ready 2 Clean Inc.:

a.    ordering Defendant to submit its books and records to an audit for the period of June 8, 2007 forward;

b.    entering judgment in sum certain against Defendant on the amounts due and owing, if any, pursuant to the audit, including interest, liquidated damages, audit costs and attorneys' fees and costs;

c.    ordering the Defendant to obtain and maintain a surety bond; and

d.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit to an Audit of Union Dues)

14.    Plaintiffs reallege paragraphs 1 through 11 of Count I.

15.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

16.    Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit its books and records to an audit by the Funds for the time period of June 8, 2007 forward, thereby depriving the Union of income and information.

17.    Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

5

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Ready 2 Clean Inc. for the amount of the union dues owed to date together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

April 21, 2008                                                  Laborers' Pension Fund, et al.


                                                               By: /s/ Jerrod Olszewski
                                                                    Jerrod Olszewski

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Office of Funds Counsel
111 W. Jackson, Suite 1415
Chicago, IL  60604
(312) 692-1540
FAX (312) 692-1489



# CONSTRUCTION & GENERAL LABORERS
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8299

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **READY 2 CLEAN INC** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 76, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. ...

2. ...

3. **Total economic increases.** The Employer shall pay its employees a total economic increase of $3.00 per hour effective June 1, 2007; $6.00 per hour effective June 1, 2008 and $2.10 per hour effective June 1, 2009...

4. **Dues Checkoff.** ...

5. **Work Jurisdiction.** ...

6. **Subcontracting.** ...

7. **Fringe Benefits.** ...

8. **Grievance Enforcement.** ...

9. **Successors.** ...

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006...

11. **Execution.** ...

Dated: **06-08** _____ 20**07**

ACCEPTED:

Laborers' Local Union No. _____

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
James P. Connolly, Business Manager

By: _____
Frank Riley, President & Secretary-Treas.

For Office Use Only:

**READY 2 CLEAN INC.**
(Employer)

FEIN No.: **26 - 0315876**

By: _____ **PRESIDENT**
(Print Name and Title)

_____
(Signature)

**926 S. OAKLEY BLVD.**
(Address)

**CHICAGO   IL   60612**
(City, State and Zip Code)

**(312) 813-0120**
(Telephone/Telefax)

EXHIBIT
A