**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND, et al. | ) |
| | ) |
| Plaintiffs, | ) Case No. 08 C 2267 |
| | ) |
| v. | ) Honorable Judge Zagel |
| | ) |
| READY 2 CLEAN INC., an Illinois corporation, | ) Magistrate Judge Valdez |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, READY 2 CLEAN, INC., by its attorneys, Allocco, Miller & Cahill, P.C., answers Plaintiffs' Complaint as follows:

**COUNT I**

**(Failure To Submit to an Audit)**

1.  Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

    **ANSWER**: Defendant admits the allegations in Paragraph 1.

2.  Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

    **ANSWER**: Defendant admits the allegations in Paragraph 2.

3.  The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. § 1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the

LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER**:  Defendant admits the allegations in Paragraph 3.

4. Plaintiff James S. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, James S. Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER**:  Defendant admits the allegations in Paragraph 4.

5. Defendant Ready 2 Clean Inc. ("Company") is an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c).

**ANSWER**:  Defendant admits the allegations in Paragraph 5.

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

**ANSWER**:  Defendant admits the allegations in Paragraph 6.

7.      The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Lake County Contractors Association ("LCCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDDMC"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

**ANSWER**:  Defendant admits the allegations in Paragraph 7.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, inter alia, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

**ANSWER**:  Defendant admits the allegations in Paragraph 8.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER**:  Defendant admits the allegations in Paragraph 9.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

**ANSWER**: Defendant admits the allegations in Paragraph 10.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit its books and records to an audit by the Funds for the time period of June 8, 2007 forward; and;

(b) failed to obtain and maintain a surety bond in accordance with the Agreement

**ANSWER**: Defendant denies the allegations in Paragraph 11(a) and admits the allegations in Paragraph 11(b).

12. The Company's actions in failing to submit its books and records to an audit and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER**: Defendant denies the allegations in Paragraph 12.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Defendant admits the allegations in Paragraph 13.

## COUNT II

### (Failure To Submit to an Audit of Union Dues)

14. Plaintiffs reallege paragraphs I through 11 of Count I.

**ANSWER**:  Defendant restates its answers to Paragraphs 1-11 of Count I.

15.	Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

**ANSWER**:  Defendant admits the allegations in Paragraph 15.

16.	Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit its books and records to an audit by the Funds for the time period of June 8, 2007 forward, thereby depriving the Union of income and information.

**ANSWER**:  Defendant denies the allegations in Paragraph 16.

17.	Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**:  Defendant admits the allegations in Paragraph 17.

READY 2 CLEAN, INC.

    /s/ Todd A. Miller
One of Defendant's attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841

5

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 20th day of May, 2008, which will send notice of such filings to the following:

Jerrod Olszewski  
Office of Funds Counsel  
111 W. Jackson, Suite 1415  
Chicago, Illinois 60604  
(312) 692-1540  
fax (312) 692-1489

        /s/ Todd A. Miller
        One of Defendant's attorneys

Todd A. Miller  
Kathleen M. Cahill  
Allocco, Miller & Cahill, P.C.  
3409 North Paulina Street  
Chicago, Illinois 60657  
(773) 868-4841